**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  v.<br><br>JUAN GUZMAN,<br>a/k/a Juan Villarreal-Guzman,<br>Juan Guzman-Villarreal, Victor Nava,<br>Francisco Lara, Francisco Lara-Paramo,<br>Ayala Ramoro, Carlos Solorio,<br>Daniel Solorio, "Flaco"<br>[DOB: 03/26/1981]<br><br>CHANTHACHONE SENTHAVY,<br>[DOB: 06/10/1974]<br><br>LUIS CARLOS RAMOS CARAVEO,<br>[DOB: 08/24/1995]<br><br>MARIA DE LA CRUZ NAVA,<br>[DOB: 05/03/1996]<br><br>SHELBY LANAE PETERMAN,<br>[DOB: 10/20/1992]<br><br>CHRISTOPHER SHAWN SHARP,<br>[DOB: 12/23/1977]<br><br>JACOB DALE WALSH,<br>[DOB: 02/06/1986]<br><br>JOHN PAUL GNAT,<br>[DOB: 02/27/1990]<br><br>                  Defendants. | Case No. _____<br><br>**COUNT ONE**: *All Defendants*<br>*(Conspiracy to Distribute Methamphetamine)*<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846<br>NLT: 10 Years Imprisonment<br>NMT: Life Imprisonment<br>NMT: $10,000,000 Fine<br>NLT: 5 Years Supervised Release<br>Class A Felony<br><br>**COUNT TWO:** *All Defendants*<br>*(Conspiracy to Commit Money Laundering)*<br>18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), (ii), and (h)<br>NMT: Twenty Years Imprisonment<br>NMT: $500,000 Fine<br>NMT: Three Years Supervised Release<br>Class C Felony<br><br>**COUNT THREE**: *Guzman, Senthavy, Caraveo, and Nava, only*<br>*(Possess Firearms and Drug Trafficking)*<br>18 U.S.C. § 924(c)(1)(A)(i)<br>NLT: Five Years; NMT: Life Imprisonment<br>*Consecutive to any other sentence*<br>NMT: $250,000 Fine<br>NMT: Five Years Supervised Release<br>Class A Felony<br><br>**COUNT FOUR:** *Juan Guzman only*<br>*(Illegal Re-Entry)*<br>8 U.S.C. § 1326(a) and (b)(1) and<br>6 U.S.C. §§ 202(3), 202(4), and 557<br>NMT: Ten Years Imprisonment<br>NMT: $250,000 Fine<br>NMT: Three Years Supervised Release<br>Class C Felony<br><br>**ALLEGATION OF CRIMINAL FORFEITURE:** *All Defendants*<br>21 U.S.C. § 853 |

$100 Mandatory Special Assessment for each count of conviction

# INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE – *All Defendants*
(*Conspiracy to Distribute Methamphetamine*)

Between on or about Janaury 1, 2015, and November 14, 2018, in the Western District of Missouri and elsewhere, JUAN GUZMAN, a/k/a Juan Villarreal-Guzman, Juan Guzman-Villarreal, Victor Nava, Francisco Lara, Francisco Lara-Paramo, Ayala Ramoro, Carlos Solorio, Daniel Solorio, "Flaco," CHANTHACHONE SENTHAVY, LUIS CARLOS RAMOS CARAVEO, MARIA DE LA CRUZ NAVA, SHELBY LANAE PETERMAN, CHRISTOPHER SHAWN SHARP, JACOB DALE WALSH, and JOHN PAUL GNAT, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and others both known and unknown to the grand jury, to distribute and possess with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

### COUNT TWO – *All Defendants*
(*Conspiracy to Commit Money Laundering*)

Between on or about January 1, 2015, and November 14, 2018, in the Western District of Missouri and elsewhere, JUAN GUZMAN, a/k/a Juan Villarreal-Guzman, Juan Guzman-Villarreal, Victor Nava, Francisco Lara, Francisco Lara-Paramo, Ayala Ramoro, Carlos Solorio, Daniel Solorio, "Flaco," CHANTHACHONE SENTHAVY, LUIS CARLOS RAMOS

2

CARAVEO, MARIA DE LA CRUZ NAVA, SHELBY LANAE PETERMAN, CHRISTOPHER SHAWN SHARP, JACOB DALE WALSH, and JOHN PAUL GNAT, defendants herein, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to conduct financial transactions which in fact involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in **Count One** of this indictment, with the intent to promote the carrying on of that specified unlawful activity, to wit: items of value, including cash, obtained from illegal controlled substance sales (*i.e.* "proceeds") were used in whole or part to purchase additional controlled substances for sale, thus promoting the charged conspiracy, and additionally, knowing the transactions were designed to conceal the nature, source, location, ownership, and control of the said proceeds and to avoid reporting requirements, in that cash, obtained from controlled substance sales (*i.e.,* "proceeds"), was then deposited, in whole or part, into various financial institution accounts or stored, used, or transported in such a manner as to conceal its true nature, source, location ownership, and control and to avoid bank reporting requirements, all thus concealing the proceeds from the drug conspiracy.

      All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i), (ii) and (h).

The object of the conspiracy was to use drug sale proceeds to promote the drug trafficking conspiracy charged in **Count One** and to conceal drug sale proceeds of that drug trafficking conspiracy.

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

1. It was part of the conspiracy that its members would and did buy and sell illicit drugs.

2. It was further a part of the conspiracy that its members would and did obtain proceeds, in different ways or forms, from said buying and selling of illicit drugs.

3. It was further a part of the conspiracy that its members would and did treat the said proceeds in such a manner as to conceal the nature, source, location, ownership, and control of said proceeds and to avoid reporting requirements of said proceeds.

4. It was further a part of the conspiracy that its members would and did promote the conspiracy by exchanging items of value they obtained in a variety of manners for drugs to use and sale.

5. It was further a part of the conspiracy that its members would and did promote the conspiracy by obtaining additional illicit drugs for distribution with said proceeds.

6. It was further part of the conspiracy that its members would and did obtain assets with cash drug proceeds and did not identify the cash as drug proceeds.

7. It was further a part of the conspiracy that its members would and did deposit cash drug proceeds in various financial institutions and not identify them as drug proceeds.

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

1. During the conspiracy period, conspirators both charged and uncharged, paid cash for controlled substances, thereby obscuring the drug trafficking conspiracy.

2. During the conspiracy period, conspirators packaged, transported, stored and used said proceeds without revealing their true source and in a manner as to conceal that true source.

3. During the conspiracy period, conspirators operated with coded terms and maintained coded records of drug amounts sold and cash proceeds collected or owed for drugs, thereby obscuring the nature and source of the cash.

4. During the conspiracy period, conspirators used cash proceeds from drug sales to fund other activities such as real property purchases, personal property purchases, travel, and living expenses, thereby obscuring the nature, source, or ownership of the cash.

5. During the conspiracy period, cash from drug sale proceeds was deposited or stored in such a manner so as to not reveal its source, location, or ownership and to avoid reporting requirements.

6. During the conspiracy, on multiple occasions, conspirators took cash obtained from drug sales and used those drug sale proceeds to purchase additional controlled substances.

7. During the conspiracy period, multiple vehicles and firearms were purchased with at least part cash and the cash was at least partially from drug proceeds.

### COUNT THREE – *Guzman, Senthavy, Caraveo, and Nava, only*
*(Possession of Firearms and Drug Trafficking)*

Between on or about January 1, 2015, and November 14, 2018, in the Western District of Missouri and elsewhere, JUAN GUZMAN, a/k/a Juan Villarreal-Guzman, Juan Guzman-

5

Villarreal, Victor Nava, Francisco Lara, Francisco Lara-Paramo, Ayala Ramoro, Carlos Solorio, Daniel Solorio, "Flaco," CHANTHACHONE SENTHAVY, LUIS CARLOS RAMOS CARAVEO, and MARIA DE LA CRUZ NAVA, in furtherance of and during and in relation to a drug trafficking crime for which they may be prosecuted, did knowingly and intentionally carry, possess and use firearms, to-wit: a Ruger P90DC 9mm handgun, with magazine (Serial# 661-40644), a FNX 40 caliber handgun, with magazine (Serial# FX2U027989), a stolen Ruger LC9S 9mm handgun (Serial# 451-24089), an Intratec Sport 22 caliber, with magazine, and 6 live rounds of ammo (Serial# K002956), a Glock model 23, with magazine, and 6 live rounds of ammo (Serial# LW5069), a Century Arms 7.62 caliber rifle (Serial# AB2-C104233), and a Ruger 5.56 caliber rifle (Serial# 0009-10519), all contrary to the provisions of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR – *Defendant Guzman only*
### (*Illegal Re-Entry*)

On or about October 18, 2018, in the Western District, the defendant, JUAN GUZMAN, a/k/a Juan Villarreal-Guzman, Juan Guzman-Villarreal, Victor Nava, Francisco Lara, Francisco Lara-Paramo, Ayala Ramoro, Carlos Solorio, Daniel Solorio, "Flaco," an alien, having been previously removed and deported from the United States subsequent to a felony drug conviction and having returned without legal and proper permission, to wit: the defendant is a person not a citizen or national of the United States, found in the Western District of Missouri, without obtaining permission to re-enter after removal on April 21, 2013, following his conviction for a an aggravated felony, all in violation of Title 8, United States Code, Section 1326(a)(1) and (b)(1) with reference to Title 6, United States Code, Sections 202(3), 202(4) and 557.

6

## ALLEGATIONS OF FORFEITURE

The allegations contained in Count One of this indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

Each defendant named herein shall forfeit to the United States all property, real and personal, constituting or derived from any proceeds the defendant obtained directly and indirectly as a result of the violation incorporated by reference in this Allegation of Forfeiture Count and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violation incorporated by reference in this allegation, including but not limited to the following:

## MONEY JUDGMENT

The defendants individually shall forfeit any and all interest personally acquired in approximately $2,100,000.00 in United States Currency, and any interest and proceeds traceable thereto, in that at least this sum, in aggregate, was received by the entire conspiracy as a whole in exchange for the unlawful distribution of methamphetamine, or is traceable thereto, based on a sale price of $600.00 per ounce and distribution of more than 3,500 ounces of methamphetamine.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property of the above-named defendants, as a result of any act or omission of the defendants –

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

7

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

All in violation of Title 21, United States Code, Section 853, and pursuant to Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

/s/ Jennifer Kolarik
FOREPERSON OF THE GRAND JURY

Dated: 11/14/18
Kansas City, Missouri


/s/ Bruce Rhoades
Bruce Rhoades #88156 (AR)
Assistant United States Attorney
Western District of Missouri