IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 18-00325-01-CR-W-BCW |
| JUAN GUZMAN, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending is Defendant Juan Guzman's Motion for Issuance of Subpoena Duces Tecum. Doc. 148.[1] Defendant asks the Court to issue subpoenas duces tecum to (1) Kayla Roehler, Wyandotte County, Kansas Assistant District Attorney; and (2) Teresa Kinsey, Records Custodian of the Kansas City, Kansas Police Department. *Id*. at 1-5. The Government did not respond to Defendant's motion, and the time for doing so has passed. L.R. 7.0(c)(2). For the following reasons, the Court DENIES Defendant's motion without prejudice.

### I. BACKGROUND

On November 14, 2018, Defendant was charged with conspiracy to distribute methamphetamine, conspiracy to commit money laundering, possession of firearms in furtherance of drug trafficking crimes, and illegal re-entry into the United States. Doc. 16. Defendant argues the charges brought against him in the matter before this Court are related to matters being investigated in or charges that have been brought by Wyandotte County, Kansas. Thus, Defendant asks the Court to issue subpoenas duces tecum to (1) Kayla Roehler, Wyandotte County, Kansas Assistant District Attorney; and (2) Teresa Kinsey, Records Custodian of the Kansas City, Kansas Police Department.

---

[1] The title of Defendant's motion indicates he is seeking a subpoena "for production of records related to immigration status"; however, the suggestions in support of the motion do not indicate Defendant is seeking records related to his immigration status.

## II.     LEGAL STANDARD

Pursuant to the Federal Rules of Criminal Procedure, a court may issue a subpoena ordering a "witness to produce any books, papers, documents, data, or other objects the subpoena designates."  Fed. R. Crim. P. 17(c)(1).  Rule 17(c) of the Federal Rules of Criminal Procedure was designed "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."  *United States v. Nixon*, 418 U.S. 683, 698 (1974); *see also United States v. Bueno*, 443 F.3d 1017, 1026 (8th Cir. 2006) (citing *Nixon,* 418 U.S. at 698-99).  Rule 17(c) "was not intended to provide a means of discovery for criminal cases."  *Nixon*, 418 U.S. at 698.

Before the court can issue a subpoena pursuant to Rule 17(c), the requesting party must show the information sought is relevant, requested with specificity, and is admissible.  *Id.* at 700; *see also United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (citation omitted).  The "specificity and relevancy elements require more than the title of a document and conjecture as to its contents."  *Hardy*, 224 F.3d at 755 (quoting *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)).  The movant also must establish the information is "not otherwise procurable reasonably in advance of trial by exercise of due diligence," the movant "cannot properly prepare for trial without such production and inspection in advance of trial," "the failure to obtain such inspection may tend unreasonably to delay the trial," and "the application is made in good faith and is not intended as a general 'fishing expedition.'"  *Nixon*, 48 U.S. at 699-700.

## III.     DISCUSSION

According to Defendant, "allegations of armed robbery, possession of drugs and drug paraphernalia, interference with a law enforcement officer and transporting an open container of alcohol have also been preferred [sic] against defendant in Wyandotte County, Kansas District Court."  Doc. 148, at 2.  Defendant represents the Wyandotte County allegations "occurred during the same time frame as the alleged conspiracy charged in the above captioned case."  *Id*.  In addition, defense counsel believes the robbery allegation against his client "was made in order to cover up drug-related activities by the accusers, and to cast unwarranted aspersions against defendant."  *Id*. at 3.  Defendant also states, "the alleged victim of the state robbery allegation is understood to be one of the persons mentioned in the discovery as a co-actor in the conspiracy charged in the above captioned cause and the companion case."  *Id*. at 2-3.

Defendant seeks the records connected to the Wyandotte County prosecution because they "are material and necessary for the proper preparation for trial upon the above captioned cause" and "are part and parcel of the same activities charged in" this matter. *Id*. He avers "certain evidence against defendant, including the statements made by defendant, may well amount to forbidden fruit of the poisonous tree of an unlawful arrest." *Id*. Defendant claims none of the reports related to the Wyandotte County charges have been produced in this matter. *Id*. Thus, Defendant asks that the Court direct the Wyandotte County, Kansas Assistant District Attorney and the Kansas City, Kansas Police Department to "produce all of their records pertaining to Daniel Solorio."[2] *Id*. at 5.[3]

First, the Court finds Defendant's motion lacks specificity. Defendant's request for all "records pertaining to Daniel Solorio" is not limited in any fashion. Defendant fails to state a period of time, does not list the specific documents he seeks, and does not provide "with reasonable precision the subjects to which the documents relate." *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (finding the defendant failed to "identify by name the documents desired"); *United States v. Burkhalter*, No. 18-00036-01/02-CR-W-BCW, 2020 WL 4717577, at *3 (W.D. Mo. Aug. 13, 2020) (finding the Government's request for a subpoena for "records maintained in the central or institutional file" and "all records related" to two individuals "failed to meet the requirements of relevance and specificity"). Because Defendant fails to specify the information and documents sought, the Court DENIES his motion.

In addition, the Court finds Defendant fails to establish the records he seeks are relevant. At best, Defendant argues the records could show a co-defendant in this matter may be the

---

[2] "Daniel Solorio" is one of several monikers allegedly used by Defendant. *See* Doc. 16. But Defendant does not explain why he seeks records related to Daniel Solorio and not Juan Guzman. Additionally, Defendant does not set forth identifying information, such as a year of birth and/or address, that would be included in any subpoena to be issued. Thus, it is unclear how the recipient of the requested subpoena duces tecum would be able to identify the individual about whom the records are sought.

[3] Defendant requests the Court direct Roehler and Kinsey produce these records "by not later than May 2, 2014." Doc. 148, at 5. This date appears to have been included in error because, later in the motion, Defendant asks that records be produced by October 20, 2020. *Id.* Although the second date appears to be Defendant's intended production date, the Court notes said date was eleven days after his motion was filed, and therefore, did not account for the Government's fourteen-day response deadline or the recipients having a reasonable opportunity to be served with and respond to the subpoena.

"alleged victim of the state robbery," and the alleged robbery might be a cover up for drug related activities. Doc. 148, at 2-3. However, conjecture and speculation as to what the documents may contain are insufficient to satisfy the prerequisites for the issuance of subpoenas under Rule 17(c). *See Hang*, 75 F.3d at 1283. As the Eighth Circuit has held, "a subpoena should not issue based upon a party's 'mere hope' that it will turn up favorable evidence." *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015) (citation omitted). Due to Defendant's failure to establish the records sought are relevant, the Court DENIES Defendant's motion.[4]

Finally, Defendant's motion, in part, seeks records related to an alleged robbery victim. Doc. 148, at 2-3. However, if a requested subpoena requires a third party to produce "personal or confidential information about a victim," "[b]efore entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). Here, there is no indication that the alleged robbery victim has been notified that Defendant intends to seek production of records likely to include the victim's personal and/or confidential information. And the Court is unable to notify the victim of Defendant's requested subpoena without the victim's contact information. Alternatively, Defendant does not identify exceptional circumstances that would alleviate the notice requirement. For this additional reason, the Court DENIES Defendant's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Issuance of Subpoenas Duces Tecum to the Wyandotte County, Kansas Assistant District Attorney and the Kansas City, Kansas Police Department without prejudice.

**IT IS SO ORDERED.**

DATE: November 20, 2020          */s/ W. Brian Gaddy*
                                 W. BRIAN GADDY
                                 UNITED STATES MAGISTRATE JUDGE

---

[4] Because Defendant fails to satisfy the specificity and relevancy requirements, the Court need not consider whether the records sought are admissible or whether Defendant satisfied the other Rule 17(c) requirements.