IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 18-00325-01-CR-W-BCW |
| JUAN GUZMAN, ) | |
| Defendant. ) | |

**ORDER**

On October 24, 2018, Defendant Juan Guzman was remanded to the custody of the United States Marshals Service ("USMS") pending trial on charges of conspiracy to distribute methamphetamine, conspiracy to commit money laundering, possession of firearms in furtherance of a drug trafficking crime, and illegal re-entry to the United States. Docs. 11, 13, 16. Defendant is currently housed at the CoreCivic Detention Center in Leavenworth, Kansas ("CoreCivic"). Doc. 173 at 2. Now pending is Defendant's motion seeking permission from the Court to communicate in writing with another CoreCivic inmate – Ashley George. Doc. 173 at 2-4. The Government opposes Defendant's motion. Doc. 177.

By way of background, in June 2020, George was charged in the United States District Court for the District of Kansas with possession with the intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. Doc. 173 at 2; *United States v. George*, No. 20-20037-JAR/JPO (D. Kan.) (Doc. 1). George was remanded to the USMS's custody and is currently housed at CoreCivic. *George*, No. 20-20037 (Doc. 21); Doc. 173 at 2. Defendant states he and George have a child together and want to communicate about their child. Doc. 173 at 2.

Defendant and George sought permission from the USMS to communicate in writing with one another. *Id.* The USMS contacted Defendant's counsel and Government's counsel in this matter about Defendant's and George's request to communicate in writing with another. *Id.* at 2-3. Defense counsel was informed that so long as neither attorney objected to the two individuals communicating with one another, they would be permitted to do so. *Id.* Defendant's counsel has no objection to his client communicating with George. *Id.* at 3.

The Government, however, objects to Defendant and George communicating in writing. *Id.*; Doc. 177 at 2. Government counsel points out Defendant and George are charged in "serious drug conspiracies but in separate venues and with different co-defendants." Doc. 177 at 2. He argues "[u]nfettered communication between [Defendant and George] could easily adversely impact the prosecution and defense of both cases." *Id.* In addition, according to the Government, George is housed with Maria De La Cruz-Nava, who is charged with Defendant in the above-captioned matter. *Id.*

Defendant's motion pertains to the conditions of his confinement at CoreCivic – particularly, the policy or procedure related to pretrial detainees communicating with one another. "Prison administrators…should be accorded wide-ranging deference in the adoption and execution of the policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (citations omitted). "Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 547-48 (quoting *Pell v. Procunier,* 417 U.S. 817, 827 (1974)).

Generally, federal prisoners challenging a condition of confinement must file a separate civil action after exhaustion of remedies. *See, e.g., United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006); *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003); *United States v. McConneyhead*, 2 F. App'x 330, 331 (4th Cir. 2001). The same rule applies to federal pretrial detainees – they must file a separate civil action to challenge a condition of confinement. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-39 (7th Cir. 1995); *United States v. Gomez*, No. 20-CR-20408, 2020 WL 7213822, at *7 (E.D. Mich. Dec. 7, 2020); *United States v. Kahn*, No. 17-CR-0029-ABJ, 2019 WL 3977353, at *1 (D. Wyo. Mar. 29, 2019); *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *26-28 (D. N.M. June 22, 2017); *United States v. Arnaout*, No. 02 CR 892, 2002 WL 31744654, at *2 (N.D. Ill. Dec. 6, 2002). Claims concerning conditions of confinement cannot typically be raised in a motion filed in a federal criminal case. *See United States v. Hollis,* No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009).

This rule prevents prisoners and pretrial detainees from bypassing the exhaustion and other requirements of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Loera*, 2017 WL 3098257, *27 (citations omitted). Further, jail officials and custodians who are responsible for conditions of confinement are not named parties in a federal criminal case. *See United States v. Luong,* No. CR. 99-433 WBS GGH, 2009 WL 2852111 at *2 (E.D. Cal. Sept. 2, 2009) (citation omitted). One recognized exception to this general rule is that such filings may be appropriate in a criminal proceeding where a federal pretrial detainee's conditions of confinement affect his ability to access counsel. *See*

*Falcon*, 52 F.3d at 139; *United States v. Miske*, No. 19-00099-DKW-KJM, 2021 WL 1084874, at *2-4 (D. Haw. Jan. 15, 2021).[1]

Here, Defendant asks this Court to reverse a decision made by the USMS regarding whether Defendant and George should be permitted to communicate in writing. Whether inmates are permitted to communicate with one another in writing is a condition of confinement. It is a policy or practice adopted by the USMS ostensibly to "preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. There is no indication that the USMS "exaggerated [its] response" to Defendant's request. *Id*. at 547-48. Furthermore, the issue does not pertain to Defendant's access to counsel in his criminal case while confined at CoreCivic. Absent any evidence that the conditions of confinement interfere with Defendant's right to counsel, he may only challenge the conditions of confinement through a separate civil action. Accordingly, the Court **DENIES** Defendant's motion without prejudice to his right to file a separate civil action.

**IT IS SO ORDERED.**

DATE: April 14, 2021                  */s/ W. Brian Gaddy*
                                                                         W. BRIAN GADDY
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] *See also* 18 U.S.C. § 3142(i)(3) ("In a detention order issued under subsection (e) of this section, the judicial officer shall – (3) direct that the person be afforded reasonable opportunity for private consultation with counsel").