IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-00325-01-CR-W-BCW ) |
| JUAN GUZMAN, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

On April 14, 2021, counsel for Defendant Juan Guzman filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 183. On April 15, 2021, the Court granted the motion. Doc. 184. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

Defendant was designated to the Federal Detention Center – Miami for psychiatric evaluation. By letter dated May 21, 2021, the Warden of said facility requested an extension to complete the examination. Doc. 187. This Court granted the requested extension and ordered the examination report to be sent to the Court no later than August 13, 2021. Doc. 188. On August 18, 2021, the Court received a psychological report from Carmen Rodriguez, Psy.D., who concluded Defendant was competent to proceed. Doc. 192.[1] In particular, Dr. Rodriguez noted that "[d]espite the defendant's inconsistent effort on testing and attempts to present as cognitively impaired, Mr. Guzman failed to exhibit any indications of genuine cognitive or psychiatric impairment that would interfere with an understanding of the legal process or the capacity to assist in his own defense..." *Id.* at 13.

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

On September 15, 2021, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 195-96. Counsel for the Government, Trey Alford, counsel for Defendant, Fred Duchardt Jr., and Defendant all appeared in person. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Rodriguez's psychological report as if Dr. Rodriguez had appeared in person and testified under oath. Doc. 196 at 4-6. Subsequently, Defendant indicated that although he did not contest the ultimate conclusions or findings in the report, he had several factual disputes with Dr. Rodriguez's report, and requested to provide the supplemental information to the doctor to determine if her competency determination would change. *Id*. With no objection from the Government, the Court granted Defendant's request to supplement information to the evaluator. *Id.* The Court indicated it would not issue any orders related to Defendant's competency until it reviewed Dr. Rodriguez's supplemental report in light of the clarifications to be submitted by Defendant. *Id*. at 7.

On September 18, 2021 defense counsel provided Dr. Rodriguez a letter detailing the factual disputes Defendant had with her psychological report.[2] On September 27, 2021, the Court received a supplemental psychological report from Dr. Rodriguez, who verified the factual clarifications provided by Defendant did not change the doctor's prior opinion as to Defendant's competency to stand trial. Doc. 200 at 2. Dr. Rodriguez continues to recommend that Defendant is competent to proceed. *Id.*

On September 29, 2021, a second hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 202-03. The parties stipulated that the Court could consider Dr. Rodriguez's supplemental report as if she had appeared in person and testified under oath. Doc. 203 at 4-5. No additional evidence was offered by the

---

[2] A copy of this letter was provided to the Court, and to counsel for the Government.

Government or by Defendant. Doc. 203 at 5. Defense counsel confirmed there was no objection to the expert opinion contained in both reports that Defendant is competent to proceed to trial. Based on the record before the Court, including Dr. Rodriguez's report (Doc. 192), and her supplemental report, (Doc. 200), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: October 1, 2021          */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE